# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LISA E. CLARK, as Personal Representative**
**for the Estate of Aaron L. Clark, Jr. ,**

    **Plaintiff,**

v.                                      Case No.  8:13-cv-2642-T-30MAP

**KENNETH S. TUCKER; MICHAEL D.**
**CREWS, as Secretary of the Florida**
**Department of Corrections; WILBUR**
**BALA, M.D.; ROBERTA A. ESPOSITO;**
**REINA M. THOMAS,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants Kenneth S. Tucker and Michael D. Crews' Motion to Dismiss (Dkt. 7), Defendants Wilbur Bala, M.D., Roberta A. Esposito, and Reina M. Thomas' Motion to Dismiss (Dkt. 8), and Plaintiff's Responses in Opposition (Dkts. 16 & 17).  The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes that Defendants Kenneth S. Tucker and Michael D. Crews' motion to dismiss should be granted and Defendants Wilbur Bala, M.D., Roberta A. Esposito, and Reina M. Thomas' motion to dismiss should be denied as to Defendant Bala and granted as to Defendants Esposito and Thomas.

## BACKGROUND

This case arises from the death of Aaron L. Clark, Jr. while he was a prisoner at the Lawtey Correctional Institution and in the custody of the Florida Department of Corrections. The amended complaint alleges that, while incarcerated, Clark received negligent and deliberately indifferent medical care that ultimately caused his death. Specifically, Plaintiff Lisa E. Clark, as the personal representative for the Estate of Aaron L. Clark, Jr., alleges that Aaron L. Clark, Jr. had his spleen removed when he was a child. Without a spleen, Clark was more susceptible to infection and had an increased and excessive risk of sepsis and death. Clark had a visible surgical scar on his abdomen from the removal of his spleen. The Florida Department of Corrections ("FDOC") was aware of the risk of infection, sepsis, and death associated with asplenic prisoners and had a policy to immunize prisoners without functioning spleens with a pneumococcal vaccine. While in FDOC's custody, Clark was not offered or provided a pneumococcal vaccine.

FDOC never documented Clark's asplenic condition. Nor did FDOC inquire about Clark's medical treatment beyond five years. Defendant Dr. Wilbur Bala, the chief medical officer at the Lawtey Correctional Institute, examined Clark at least five times while Clark was in FDOC's custody. But Dr. Bala never documented Clark's visible surgical incision/scar. Dr. Bala also never inquired about the scar or ask Clark if he had a spleen.

Although FDOC and Dr. Bala never asked Clark about his splenectomy, they were aware of Clark's condition because, on August 26, 2011, after Clark was treated for back problems, Dr. Bala signed a note that documented Clark's splenectomy.

On or about October 30, 2011, Clark developed an upper respiratory infection. That morning, he went to the infirmary. FDOC did not document Clark's infection, physical condition, or vital signs. Clark went to the infirmary on October 31, 2011 and November 1, 2011. His upper respiratory infection was worse but FDOC did not document the infection, Clark's physical condition, or his vital signs.

During the early morning of November 2, 2011, Clark was admitted to the infirmary. Clark complained that Dr. Bala had delayed in providing Clark with adequate and appropriate medical care over the prior three days. Defendant Nurse Roberta A. Esposito documented that Clark had a 103 degree fever, an excruciating headache, was coughing up brown blood, had a sore throat, had severe torso pain, and had tachycardia. Despite Clark's condition, Dr. Bala was not notified. Clark was placed in isolation and given Tylenol.

Later that same morning, Clark had three bouts of diarrhea, had stomach pain, and was sweating. When Dr. Bala arrived at the infirmary, he did not check on Clark or otherwise document Clark's condition. Defendant Nurse Reina Thomas checked Clark's temperature and documented that Clark was experiencing nausea and back pain. Around 1:00 p.m. on November 2, 2011, Nurse Thomas took Clark's temperature of 101.2 and provided Clark's chart to Dr. Bala for review. Clark's condition continued to decline as he became septic.

Dr. Bala's first documentation regarding Clark's condition was at 2:25 p.m. on November 2, 2011. Bradford County Emergency Service was called at 2:30 p.m., arrived at 2:35 p.m., and transported Clark to Memorial Medical Center, where he died from sepsis.

Plaintiff alleges that Clark's death would have been avoided if he had received adequate and appropriate healthcare while in FDOC's custody. Clark's amended complaint alleges the following causes of action: a state law medical malpractice claim against FDOC (Count I); a section 1983 claim against Dr. Bala (Count II); a section 1983 claim against Nurse Esposito and Nurse Thomas (Count III); and a section 1983 claim against FDOC (Count V).[1] Plaintiff seeks monetary damages against all Defendants.

Defendants Kenneth S. Tucker and Michael D. Crews move to dismiss the section 1983 claim based on Eleventh Amendment immunity. Notably, Tucker was FDOC's Secretary while Clark was incarcerated and Crews is FDOC's current Secretary. Both are sued solely in their official capacities.

Defendants Dr. Bala, Nurse Esposito, and Nurse Thomas move to dismiss the section 1983 claims based on Plaintiff's failure to state a claim and qualified immunity.

## DISCUSSION

**I.    Defendants Tucker and Crews' Motion to Dismiss Based on Immunity**

Plaintiff seeks monetary damages under section 1983 against Tucker and Crews in their official capacities. It is well established that a suit against a defendant governmental officer in his official capacity is the same as a suit against the entity that employs the officer. *See McMillian v. Monroe County, Ala.,* 520 U.S. 781, 785 n. 2 (1997); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). In *Zatler v. Wainwright,* the Eleventh Circuit noted: "It is clear

---

[1] Plaintiff erroneously titles the section 1983 claim against FDOC as Count V instead of Count IV. For consistency, the Court will refer to this claim as Count V.

that Congress did not intend to abrogate a state's [E]leventh [A]mendment immunity in section 1983 damage suits. Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages." 802 F.2d 397, 400 (11th Cir. 1986) (internal citations omitted). The Eleventh Circuit concluded that the Secretary of the Florida Department of Corrections was immune from suit in his official capacity. *See id.*

Since *Zatler*, numerous district courts within the Eleventh Circuit have concluded that FDOC and its employees sued in their official capacities are immune from section 1983 damage suits brought against them in federal court. *See Harris v. Secretary, Dept. of Corrections*, 2013 WL 6069161, at *3 (M.D. Fla. Nov. 18, 2013); *Taylor v. Florida Department of Correction Medical Departments*, 2012 WL 2155277, at *2-*3 (N.D. Fla. May 9, 2012); *Heiser v. Reno*, 2012 WL 394612, at *5 (M.D. Fla. Feb. 7, 2012); *Negron v. Bryant*, 2010 WL 746727, at *8 (M.D. Fla. Mar. 3, 2010).

Plaintiff's response in opposition to Tucker and Crews' motion is without merit. Plaintiff relies on cases that conclude that municipalities and counties may be subjected to section 1983 damages claims. But the Secretary of FDOC is considered a state agency, or "arm of the State," and is entitled to broader Eleventh Amendment immunity. *See Howlett v. Rose*, 496 U.S. 356, 364-66 (1990) (discussing the distinction between municipality/county and state agency Eleventh Amendment immunity).

Plaintiff's response also contends that Tucker was sued in his individual capacity.  A review of the amended complaint, however, does not reveal any references to Tucker in his individual capacity.

Accordingly, all section 1983 claims for monetary damages against FDOC and Tucker and Crews in their official capacities as Secretary of FDOC are dismissed on the basis of Eleventh Amendment immunity.

## II.     Defendants Dr. Bala, Nurse Esposito, and Nurse Thomas' Motion to Dismiss

### A.     Standard of Review for a Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### B.     Claims for Deliberate Indifference to Medical Needs

"'[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain,' which is prohibited by the Eighth Amendment."

*Harris v. Leder*, 519 Fed. Appx. 590, 595 (11th Cir. May 24, 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted)).  Not every claim of inadequate medical attention rises to the level of a constitutional violation.  To show that a prison official acted with deliberate indifference to serious medical needs, a prisoner must establish three elements.  First, he must satisfy the objective component by showing that he had a serious medical need.  Second, he must satisfy the subjective component by showing that a prison official acted with deliberate indifference. Third, as with any tort claim, the prisoner must show that the injury was caused by the defendant's wrongful conduct.  *See Goebert v. Lee County,* 510 F.3d 1312 (11th Cir. 2007).

To establish the subjective component, a prisoner must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence.  *See Bozeman v. Orum,* 422 F.3d 1265, 1272 (11th Cir. 2005); *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999).  A delay in providing medical treatment can sustain a "deliberate indifference" claim, where the delay has exacerbated the prisoner's injury or unnecessarily prolonged the inmate's pain.  *See Harper v Lawrence County, Ala.,* 592 F.3d 1227, 1235 (11th Cir. 2010).  In this type of case, the nature of the medical need, the reason for the delay, and the effect of the delay on the prisoner's medical condition are all relevant factors in determining whether the delay has reached constitutionally intolerable proportions. *See Goebert,* 510 F.3d at 1327.

### C. The Section 1983 Claim against Dr. Bala

Dr. Bala argues that the allegations against him are insufficient to establish "deliberate indifference", i.e., the subjective component of the claim. He contends that the allegations amount to nothing more than medical negligence, which is insufficient to establish the higher burden of conduct that is more than gross negligence. At this stage, the Court disagrees.

With respect to Dr. Bala, the amended complaint alleges that Dr. Bala had multiple opportunities to determine that Clark was asplenic but chose never to ask him about his condition or about his visible abdominal scar from his splenectomy. Dr. Bala had actual knowledge of Clark's asplenia from the pain management report that he read and signed. Dr. Bala failed to provide Clark with a pneumococcal vaccine. Dr. Bala chose not to examine Clark, review Clark's chart, or provide Clark with any medical treatment on numerous occasions until after Clark turned blue. Dr. Bala did nothing to address Clark's infection on a timely basis, including examining him, providing antibiotics, and transferring him to a hospital. And Dr. Bala's inadequate care and delay in treatment ultimately caused Clark's death.

At this stage, the Court concludes that the allegations against Dr. Bala are sufficient. Dr. Bala's arguments in favor of dismissal read like a summary judgment motion and, at times, come across as conclusory. Notably, a number of the cases Dr. Bala relies on were

analyzed at the summary judgment stage. Thus, Dr. Bala's motion to dismiss the section 1983 claim against him (Count II) is denied.[2]

D.      The Section 1983 Claim against Nurse Esposito and Nurse Thomas

Like Dr. Bala, Nurse Esposito and Nurse Thomas argue that the section 1983 allegations against them are insufficient to establish "deliberate indifference". The Court agrees. The allegations against Nurse Esposito and Nurse Thomas (the "Nurses") are more conclusory than the allegations against Dr. Bala. Plaintiff alleges that the Nurses did not adequately monitor Clark's condition and vital signs and did not request Dr. Bala or another trained doctor to examine Clark, despite the fact that Clark was getting progressively sicker over the three days before his admission to the infirmary. These allegations may establish the Nurses' negligence, but they are insufficient to establish conduct that is more than gross negligence, even at the motion to dismiss stage. Accordingly, the Nurses' motion to dismiss the section 1983 claim against them (Count III) is granted.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants Kenneth S. Tucker and Michael D. Crews' Motion to Dismiss (Dkt. 7) is granted. The section 1983 claims against these defendants are dismissed. Specifically, Count V is dismissed and the section 1983 claims asserted in Counts II and III against FDOC in the Wherefore Clause are dismissed as well.

---

[2] For these same reasons, Dr. Bala's qualified immunity argument fails because a qualified immunity analysis for deliberate indifference claims hinges upon whether the medical treatment rises to the level of deliberate indifference.

2. Defendants Wilbur Bala, M.D., Roberta A. Esposito, and Reina M. Thomas' Motion to Dismiss (Dkt. 8) is denied as to Dr. Bala and granted as to Esposito and Thomas. Specifically, the section 1983 claim against Dr. Bala (Count II) is not dismissed and Dr. Bala shall file an answer to this claim within fourteen (14) days of the date of this Order. The section 1983 claim against Esposito and Thomas (Count III) is dismissed and Esposito and Thomas are dismissed from this action.

3. Defendants Tucker and Crews' Motion for Leave to Reply (Dkt. 20) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2642.motions2dismiss.frm